UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

FILED IN CLERKS OFFICE
2005 FEB 14 P 3:37
U.S. DISTRICT COURT
DISTRICT OF MASS

Jesus Eduardo Gallego Z.  )
A# 91049169              )
Petitioner               )
                         )
v.                       )
                         )
John D. Ashcroft, Attorney )
General of the United States. )
Bruce Chadbourne, Interim Field ) CIV. NO. _____
Office Director for Detention and ) 05-10321 GAO
Removal, Boston field office, Bureau )
of immigration and customs ) Referred to New Magistrate Judge
Enforcement, The Bureau of )
immigration and Custom Enforcement, )
and D. ) Petition for a writ of Habeas
And Deputy Superintendant ) Corpus
Brian Gillen, Warden of Plymouth )
County correctional facility )

PETITION FOR A WRIT OF HABEAS CORPUS PURSUANT TO 28 USC 2241.

Petitioner Jesus Eduardo Gallego Z, hereby Petition this court for a writ of habeas Corpus to remedy his unlawful detention, and to enjoin his continued unlawful detention by The Respondents. In support of this petition and complain for injuntive Relief, Petitioner alleges as fallow:

(1)

## PARTIES

(1). Petitioner Jesus Eduardo Gallego Z. was a lawful Permanent Resident of the United States, and native citizen of Colombia. Mr. Gallego started Removal proceedings on Sep 22-2000, and and was taken into Immigration Custody on Sep 22-2000. He has been detained by the Bureau of Immigration and Customs Enforcement (ICE) for over 63 months.

(2) Respondent John D. Ashcroft is the Attorney General for the United States and is Responsible for the Administration of ICE and the implementation and Enforcement of the Immigration Laws. As such, he is the ultimate legal Custodian of the Petitioner.

(3) Respondent Bruce Chadbourne is the interim field office, Director for Detention and Removal, Boston field office, Bureau of Immigration and Customs Enforcement, Department of Homeland Security. As such, he is the local ICE official who has immediate custody of the Petitioner.

(4) Respondent Department of Homeland Security is the Agency charged with implementing and Enforcing the Laws.

(5) Respondent Kathleen M. Dennehy is active Commissioner, Massachussetts Department of Correction. Because ICE Contracts with states Prison such As Plymouth County Correctional facility in Plymouth Massachusetts to house immigration detainees such as Petitioner Mr. Gallego.

## CUSTODY

6.

6. Petitioner is detained at the plymouth county correctional facility in Plymouth Massachusetts, Ice has contracted with

(2)

The Plymouth County Correctional facility to house immigration detainees such as Mr. Gallego, Petitioner was previously committed at: Bristol County Jail, Greenfield County Jail and Suffolk County Jail in the State of Massachusetts, which also contracted with ICE to house immigration detainees. Petitioner is under direct control of Respondents and their Agents.

## JURISDICTION

7. This action arises under the Constitution of the United States, The Immigration and Nationality Act ("INA"), 8 U.S.C. § 1101 et seq, as amended by the Illegal Immigration Reform and Immigration Responsibility Act of 1996 ("IIRIRA"), Pub. L No. 104-208, 110 stat. 1570, and the Administrative Procedure Act ("APA"), 5 U.S.C § 701 et seq. This Court has jurisdiction under 28 U.S.C § 2241, art I § 9, cl. 2 of the United States Constitution ("Suspension Clause"), and 28 U.S.C § 1331, as the Petitioner is presently in custody under color of the authority of the United States, and such custody is in violation of the Constitution, Laws, or treaties of the United States. See Zadvydas v. Davis, 533 U.S.C 678, 121 S. CT. 2491 (2001).

## VENUE

8. Venue lies in the District of Massachusetts because Jesus Eduardo Gallego is currently detained at Plymouth County Correctional facility, at 26 Long Pond Road St Plymouth Massachusetts. Venue in the District of Massachusetts.

(3)

is also proper because petitioner is in the custody of Respondent Bruce Chadbourne, interim field office Director of this District which encompasses Massachusetts. 28 U.S.C. § 1391.

### EXHAUSTION OF REMEDIES

9. Petitioner has exhausted his administrative Remedies to the extent Required by law, and his only Remedy is by way of this Judicial Action. After the supreme Court decision in Zadvydas, the Department of Justice issued Restriction Governing the custody of Aliens order Removed. See 8 C.F.R. § 241.4. Petitioner not yet been ordered Removed, to his knowledge to date. Petitioner was taken into custody on Sep 22 - 2000.

On June 2002, Petitioner filed a petition for Writ of Habeas Corpus per his Attorney of Record (see statement of facts) That petition was subsequently (was) withdraw by Petitioner. On 2002 Petitioner filed for CAT (Convention Against Torture) Motion was denied by INS Judge and decision was appealed by Attorney's petitioner and was also denied by the BIA. On or About June 2004, Petitioner was presented with An application for special visa (see statement of facts). To date petitioner has had 3 continuances, Awaiting notification from Washington D.C (see an Attorney statute) on out come of his Request for Special Visa to Remain in the country.

10. No statutory exhaustion Requirement apply to Petitioner claim of unlawed detention.

(4)

## STATEMENT OF FACTS

A. Background.

1. Petitioner, Jesus Eduardo Gallego, was born in Colombia on April 2/1963. Petitioner came to the United States at the age 22 in 1985. Petitioner came to the United States to work.

Petitioner came to United States on a passport issued from his country Colombia.

Prior to petitioner Arrest he was living with his wife, Claudia Gallego and his 1 (one) daughter.

Petitioner Closes Relative in the United states is Doris Gallego, his 1st cousin. Her Present status is As A Legal Citizen of the United States.

Petitioner has only lived in the United states, and Colombia. Petitioner has never applied for nor been granted passport to to any other country.

## STATEMENT OF FACTS CONTINUED

On October 9, 1998 Petitioner was Arrested in New York state in possession of 18 kilos of Cocaine. Three days later he was taked to Long Island District Court to do the indictment against him. The Petitioner was with the D.E.A Agents for five days under interrogation since he did not want to cooperate with the Government, the D.E.A officer told him "we know whose drugs that belongs to" and "we do not want you," "we want Mr. Hugo Betancur the owner". "you are facing a sentence of at least 15 years in prison and deportation when time completed." "If you help us find

5

Find out where Mr. Betancur is, we will Help you to get a lower sentence and you'll have the possibility of staying in the Country. Mr. Gallego accepted the offer.

They (D.E.A) Told Mr. Gallego to call Mr. Betancur Beeper. The Telephone they gave Mr. Gallego was wired so they can trace the calls. A total of 3 calls Mr. Gallego did; at which Mr. Betancur answered all three. In one of those call Mr. Betancur gave the phone to the one he identify as the one who was to collect the money for the drugs. That person told Mr. Gallego that they were in doubt as to what he was doing and they told Mr. Gallego that he knew how he was going to pay if he was helping the police, it did not matter if it was in prison or Colombia, Mr. Gallego was going to pay, even if it was with his family. D.E.A. has tape recorder.

After that D.E.A Agents took Mr. Gallego to MDC (Metropolitan Detention Center (Brooklynn N.Y)

Mr. Gallego hire Attorney Alan Zelter, who was in charge of bringing about a cooperation agreement with the government which was granted to Mr. Gallego because his cooperation was on time and effective. Mr. Gallego was also granted with Two 5K.1.1 letter, one from Boston District Court and another from New York District Court. in those letter the government acknowledge having place the life of Mr. Gallego and the lives of His family in danger because His cooperation with the Government.

"Unit A". In May of 2003 Mr. Gallego served as a witness against his co-defender Mr. Betancor. Because of His testimony and the testimony of others, Mr. Betancor was sentence to 20 years in Jail. The same date Mr. Farley told Mr. Watt to file a Motion to Reopen Mr. Gallego's I.N.S. case and that Motion was filed Jointly with Mr. D'Angelo I.N.S. D.A. Mr. Watts also told Mr. Gallego that in a short time He would be Released and He would have His Permanent Resident back. The years have gone by and Mr. Gallego court dates have been postponed Continously. On the year 2004 Mr. Gallego got in touch with Mr. Moon again an ask him to Re-file the Habeas Corpus, but due to Irregularities on his practice He was suspended as an Attorney. Mr. Watt in several occassions call Mr. Gallegos' Brother and told Him that he had Recieved calls from the high government saying that (he had R) it was time for Mr. Gallego to be Released. On June of 2004 an Agent of the DEA (Mr. Parker) brought to Mr. Gallego a petition for Special Visa to signed. Mr. Gallego was given a Court date for August 25, 2004. At this occassion His Attorney Mr. Watts, was not present in Court, but the Judge calls Him to His office and Mr. Watt told the Judge that they were waiting to get the Answer from Washington. The Judge continued the case until December 29-2004. This day Mr. Gallego was not taken to court and they postponed for January 5-2005, again He was not taken to Court. Several day later an immigration officer call Mr. Gallego and told Him that His court date was postponed untill March. 30.2005.

10

12. On January 6, 1999 Jesus Eduardo Gallego was convicted of conspiracy in the state of New York and sentenced to 27 months.

13. On Sep 22, 2000 ICE took Mr. Gallego into custody. He has been in immigration detention for 63 months without final order of deportation.

B. "90 Days" and Six months Custody Reviews.

14. ICE has not review detention status on Petitioner since (to best of Petitioner knowledge).

15. As a result of the continued detention of Jesus Gallego, Case was transferred to the Headquater post Detention Unit in Sep 2001.

16. Again, Petitioner has recieved not 6 months review to the best of his knowlege. No one has contacted him about his release being "Reasonably foreseeable" no about Correspondence has been received other as outlined in Paragraph 9 of this Document. Petitioner has no knowledge whether anyone has contacted the Colombian Government with respect to petitioner case, or mentioned whether it had received any information from Colombia regarding the status of Petitioner.

C.

63 Months later, ICE's inability to show that Petitioner deportation is "Reasonable foreseeably" despite his full Cooperation.

17. In the last 9 months that have passed application for special visa was file. ICE has not notified Jesus Gallego of any progress in his Release.

18) To Petitioner's knowlege Government of Colombia has not issued travel Documents to Him, Indeed neither ICE nor Colombia have provide any indication that Colombia would accept Petitioner in the "Reasonably Foreseeably Future".

19. ICE has never asserted that petitioner has fuild to cooperate in his deportation (see statement of facts).

D.

ICE, has offered no evidence to subject that Release in petitioner individual Case is "Reasonably Foreseeable".

20. Since Petitioner has been in custody of ICE since 2000, Petitioner has heard nothing from those who Attested to him that he would be Released. Nothing from Mr. D'Angelo ICE. D.A. at that time, now He is an ICE Judge. Nothing from Mr. Fawley Federal District Attorney.

## LEGAL FRAMEWORK FOR RELIEF SOUGHT.

21.

In Boiler v. George NYE. A writ of Habeas corpus was granted (239 f. Supp 2d 518; 2003 US. Dist.

Hence, Boiler Argues that the INS Misinterpreted The CAT and the implementing Regulations when, if they

(12)

are properly constructed, the evidence the BIA accepted was sufficient to Meet their Requirements.
This Legal claim is cognizable under section 2241, see Sulaiman v. Attorney General, 212 F. Supp. 2d 413 (E.D Pa 2002)(Reviewing Legal claims of Regulatory error under the (AT) Jolmiste v. Ashcroft, 212 F. Supp. 2d 341 (D.N.J 2002) (same)(Chinchilla-Jimenez V. I.N.S, 226 F. Supp 2d 680, 683, (E.D. Pa 2003), even though a claim contesting the the factual merits of a CAT claim would not, as both Qian Ou Xian, supra, and Mohammed, supra appear to be.

Furthermore Boiler Relies on the state-created danger exception to the general Rule - that the Due Process Clause imposes no obligation on the state to protect an individual from harm inflicted by private parties. As stated by the Third Circuit in Kneipp v. Tedder, 95 F. 3d 1199, 1208 (3 cir 1996), "The exception has four elements. First "The harm" Must be "Foreseeable and fairly direct" Second "The State actors are acting" in willful disregard for the safety of the plaintiff" Third, "There existed some Relationship between the state and the plaintiff". Finally "The state actors use their authority to create an opportunity that otherwise would not have existed for the third party's crime to occur".
Also see Maria Rociano v. Sonchin No CIV 01472 PHX-FJM (D. Ariz sept 10, 2002) Dist. Lexis 25414.

# CLAIMS FOR RELIEF

## COUNT ONE

### STATUTORY VIOLATION

22. Petitioner Re-alleges and incorporates by Reference Paragraph 1 through 21 above.

23. Petitioner Continued detention by Respondents Violates INA § 241(a)(6), as interpreted in <u>Zadvydas</u>. Petitioner Six months presumtively Reasonable period for Continued Removal efforts passed, 57 months ago. For the Reasons outlined above in paragraph 1-21, Petitioner Removal to Colombia is not "Reasonably foreseeably." The Supreme Court held in <u>Zadvydas</u> that the continued detention of Someone after (6) Six month where deportation is not "Reasonably Foreseeably" unreasonable and Violation of INA § 241.

## COUNT TWO

### SUBTANTIVE DUE PROCESS VIOLATION

24. Petitioner Re-alleges and incorporate by Reference Paragraph 1-Through 23 above.

25. Petitioner's Continued detention Violates his Right To substantive due process by depriving him of his Core liberty interest to be free from bodily Restraint. The Due Process clause Requires that the deprivation of Petitioner's liberty by narrowly tailored to serve a Compelling

government interest. While the Respondent would have a compelling government interest, in detaining Petitioner in order to effect his deportation, that interest does not exist if Mr. Jesus Gallego cannot be deported. The Supreme Court in Zadvydas thus interpreted INA § 241 to allow continued detention only for a period Reasonably necessary to secure the Alien's Removal.

## COUNT THREE

### PROCEDURAL DUE PROCESS VIOLATION

26. Petitioner Re-alleges and incorporate by Reference Paragraphs 1 Through 25 above.

27. Under Due process clause of the United States Constitution, an alien is entitled to a timely and meaningful opportunity to demonstrate that he should not be detained. The Petitioner in this case have been detained denied the opportunity as there is no administrative mechanism in place for the Petitioner to demand a decision, ensure that a decision will ever be made or appeal a custody decision that violates Zadvydas.

## COUNT FOUR

### CRUE AND UNUSUAL PUNISH

28. Petitioner Re-alleges and incorporated by Reference Paragraph 1 Through 27 above.

29. Under the United States constitution, the 8th Amendment

15

Guard against Cruel and unusual punishment. The petitioner in this case has been subject to such as he has spent Twice as many months in detention as he did as a felon.

In as much as his aide to this Government was presented by promises for Release in the United States of America.

## PRAYER FOR RELIEF

Wherefore, Petitioner prays that this Court grant the Following Relief:

① Assume Jurisdiction over this matter.

② Grant Petitioner a writ of Habeas Corpus directing the Respondents to immediately Release the petitioner from Custody.

③ Order Respondents to Refrain from transferring the Petitioner out of the Jurisdiction of ICE Boston District Director during the pendency of these proceedings and while the petitioner remains in Respondent's Custody; and

④ Grant any other and further Relief which the Court deems just and proper.

I affirm, under penalty of perjury that the foregoing is true and correct.

Respectfully submitted this February 5, 2005

Jose E. Gallego
Jose E. Gallego
Pro Se

Certificate of Service

I, Jesus Eduardo Gallego 2, certify that a true copy of the above document (Petition for Habeas Corpus) together with attached documents, was served on February 9, upon the following

Frank Crowley
Special Assistant U.S Attorney
Department of Homeland Security
P.O. Box 8728
JFK Station
Boston, MA 02114

by Placing a copy of the above in the Mail system at Plymouth County Correctional facility.

JS 44
(Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**
Gallejo I. Jesus E.

**DEFENDANTS**
Bruce Chadbourne, Interim Field Office Director for Detention, et al.
Attorney General John Ashcroft

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF: Plymouth
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT: Suffolk
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

ATTORNEYS (IF KNOWN)

05-10321 GAO

**II. BASIS OF JURISDICTION** (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☒ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ |

**IV. NATURE OF SUIT** (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury — Med. Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 365 Personal Injury — Product Liability | ☐ 630 Liquor Laws | | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | PROPERTY RIGHTS | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | | ☐ 650 Airline Regs. | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine | PERSONAL PROPERTY | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | LABOR | SOCIAL SECURITY | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | HABEAS CORPUS: | | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☒ 530 General | ☐ 740 Railway Labor Act | FEDERAL TAX SUITS | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | | ☐ 535 Death Penalty | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 540 Mandamus & Other | | | |
| ☐ 290 All Other Real Property | ☐ 440 Other Civil Rights | ☐ 550 Civil Rights | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS — Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| | | ☐ 555 Prison Condition | | | |

**V. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint
JURY DEMAND: ☐ YES ☐ NO

**VIII. RELATED CASE(S) IF ANY** (See instructions):
JUDGE _____ DOCKET NUMBER _____

DATE _____
SIGNATURE OF ATTORNEY OF RECORD _____

FOR OFFICE USE ONLY

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____