```
            UNITED STATES DISTRICT COURT
              DISTRICT OF MASSACHUSETTS

JESUS EDUARDO GALLEGO,       )
                             )
          Petitioner,        )
                             )
     v.                      )  C.A. No. 05-10321-GAO
                             )
JOHN D. ASHCROFT, ET AL.,    )
          Respondents.       )
```

MEMORANDUM AND ORDER

For the reasons stated below, the Petitioner's Application to Proceed Without Prepayment of Fees is Allowed and by separate Order, the clerk shall serve the Petition for habeas relief pursuant to 28 U.S.C. §2241 on the Respondent Department of Homeland Security, Immigration and Customs Enforcement (ICE), and also on the Petitioner's custodian, Joseph McDonough, Sheriff, Plymouth County Correctional Facility. Respondents shall be directed by separate Order to file a response to the Petition.

BACKGROUND

On February 14, 2005, Jesus Eduardo Gallego, an immigration detainee at the Plymouth County Correctional Facility in Plymouth, Massachusetts, filed a Petition for Writ of Habeas Corpus under 28 U.S.C. §2241 complaining of prolonged detention, and seeking injunctive relief to remedy his unlawful detention, pursuant to the Supreme Court's decision in Zadvydas v. Davis, 533 U.S. 678 (2001).

Gallego's petition recounts the circumstances of his underlying conviction leading to his incarceration, and his attempts to exhaust administrative remedies with respect to

his removal. Additionally, Gallego claims to have been in the custody of Immigration and Customs Enforcement ("ICE") for 63 months, and alleges his removal to Colombia is not reasonably foreseeable.

Petitioner also filed an Application to Proceed Without Prepayment of Fees, and a Financial Affidavit, as well as a motion for appointment of counsel.

## ANALYSIS

I. <u>The Application to Proceed Without Prepayment of Fees</u>

In his Application to proceed in forma pauperis, Petitioner claims to be unemployed and has no assets, income, or savings, apart from the $20.50 balance in his account at the prison.  Accordingly, Petitioner has demonstrated he is without sufficient assets to pay the $5.00 filing fee for this habeas petition.  While he does have $5.00 in his account, an assessment of the filing fee would constitute approximately 25% of his entire assets.  As such, this Court declines to impose the filing fee.

II. <u>Prolonged Detention claim</u>

The thrust of Gallego's claim appears to be that his current detention is in contravention of the Supreme Court's decision in <u>Zadvydas v. Davis</u>, 533 U.S. 678 (2001).  In <u>Zadvydas</u>, the Supreme Court held that after a reasonable post-removal period of 6-months, if an alien provides good reason to believe that there is no significant likelihood of removal

in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing. Zadvydas, 533 U.S. at 701.

Based on Petitioner's assertion that he has been in ICE custody for more than six months under a removal order, and it appears that his removal in the reasonably foreseeable future is not likely, this Court shall require the Respondents to respond to the habeas petition.

Accordingly, by separate Order, the clerk shall serve the petition and the Respondents shall file a response demonstrating sufficient evidence to rebut the showing by the Petitioner, and suggesting alternative remedies for relief, if any exist in the Respondents' view.

III.    Motion for Appointment of Counsel

With respect to the request for court appointed counsel, 18 U.S.C. §3006A(2)(B) authorizes the appointment of counsel for an indigent party in cases seeking relief under 28 U.S.C. §2241 (as here), §2254, or §2255. Funds for representation are payable as prescribed in Criminal Justice Act. Appointment of counsel may be provided if the Court determines the "interests of justice so require". 18 U.S.C. §3006A(2)(B). The decision to appoint counsel is discretionary, and neither a civil litigant nor a habeas petitioner has a constitutional or statutory right to appointed counsel. Dellenbach v. Hanks, 76 F.3d 820, 823 (7th Cir. 1996), cert. denied, 519 U.S. 894 (1996); Jackson v. Coalter, 337 F.3d 74 (1st Cir.

2003)(state prisoner had no right to counsel to collaterally attack sentence).

In order to qualify for appointment of counsel, a party must be indigent and exceptional circumstances must exist such that the denial of counsel will result in fundamental unfairness impinging on the party's due process rights. See DesRosiers v. Moran, 949 F. 2d 15, 23 (1st Cir. 1991). See also Manisy v. Maloney, 283 F. Supp. 2d 307, 317 (D. Mass. 2003)(Memorandum and Order on Report and Recommendation of Magistrate Judge Dein, adopted (on the denial of counsel issue) by Judge Stearns by Memorandum and Order (#32) dated September 4, 2003 in C.A. 01-11849-RGS). In determining whether there are exceptional circumstances sufficient to warrant the appointment of counsel, a court must examine the total situation, focusing on the merits of the case, the complexity of the legal issues, and the litigant's ability to represent himself. DesRosiers, 949 F. 2d at 23-24 (citations omitted).

At this juncture, Petitioner fails to provide a sufficient basis to warrant appointment of counsel. The fact that he is appearing *pro se*, has no funds, and, absent counsel, may not be on a level playing field with the Respondents, does not, in and of itself, provide a sufficient justification for appointment. If such assertions were deemed sufficient to provide a basis for appointment of counsel, the

Court would be deluged with requests by virtually every *pro se* prisoner or immigration detainee. Thus, it could not form the basis for an "exceptional circumstance."

Finally, turning to the case itself, the Court considers that the issues raised by the Petitioner (i.e. unlawful prolonged detention) to be either factually or legally complex, nor do they involve novel issues of law. See,e.g., Manisy, 283 F. Supp. 2d at 317-18, citing Hoggard v. Purkett, 29 F.3d at 471 ("Where the issues involved can be properly resolved on the basis of the state court record, a district court does not abuse its discretion in denying a request for court-appointed counsel."); Abdullah v. Norris, 18 F.3d 571, 573 (8th Cir. 1994),cert. denied, 513 U.S. 857 (1994). Although Gallego contends English is his second language, he has demonstrated his ability to pursue his claims by filing a sufficiently lucid and organized petition, and the request for counsel based on this ground is rejected.

Accordingly, the motion for appointment of counsel is denied at this time, without prejudice to renewing a motion after the Respondents have filed a response to the petition, subject to Gallego's showing that appointment of counsel is warranted in the interests of justice.

## CONCLUSION

Based on the foregoing, it is hereby ORDERED:

1. Petitioner's Application to Proceed *in forma pauperis* is Allowed.

2.   By separate Order, the Respondents shall be required to file a response to the habeas petition.

3.   Petitioner's motion for appointment of counsel is denied without prejudice after the Respondents have filed a response to the petition, subject to Petitioner demonstrating how appointment of counsel is in the interests of justice in this case.

SO ORDERED.

February 24, 2005                    /s/ George A. O'Toole
DATE                                         GEORGE A. O'TOOLE
                                             UNITED STATES DISTRICT JUDGE