UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JESUS EDUARDO GALLEGO-ZAPATA, )<br>)<br>Petitioner )<br>)<br>v.    )<br>)<br>JOHN ASHCROFT, ET AL.   )<br>)<br>)<br>Respondent[1]  ) | Civil Action No.<br>05cv10321-GAO |

RETURN AND MEMORANDUM OF LAW IN
<u>SUPPORT OF MOTION TO DISMISS</u>

**SUMMARY STATEMENT**

The Court should dismiss the petition for lack of subject matter jurisdiction, and for failure to state any claim upon which relief may be granted. The Court lacks jurisdiction to review petitioner's ongoing administrative removal proceedings, and petitioner's detention as a criminal alien pending a final determination of his removability is lawful as authorized by statute and the Supreme Court decision in <u>Demore v. Kim</u>, 123 S.Ct. 1708 (2003).

**FACTUAL BACKGROUND**

Petitioner is a native and citizen of Colombia who is presently in removal proceedings before an Immigration Judge to determine petitioner's removability from the United States. Petitioner acknowledges that he has not exhausted his administrative remedies, Petition, p.4, and that petitioner's

next immigration court hearing is scheduled for March 30, 2005. Petition, p.11. Petitioner does not say that he, through his immigration counsel in removal proceedings Robert Watt, has *opposed* the hearing continuances in immigration court, and petitioner concedes that the reason that his case has been continued from time to time has been for the purpose of awaiting a decision on a special visa status for the benefit of petitioner himself. Petition, pp. 10-11.

**ARGUMENT**

I. THE COURT LACKS JURISDICTION TO REVIEW PETITIONER'S REMOVAL PROCEEDINGS BECAUSE PETITIONER HAS FAILED TO EXHAUST HIS ADMINISTRATIVE REMEDIES AS REQUIRED BY 8 U.S.C. § 1252(d)(1).

To the extent that the pro se petition could be construed to challenge petitioner's ongoing removal proceedings, the Court lacks subject matter jurisdiction because of petitioner's failure to satisfy the statutory exhaustion requirement of section 242(d)(1) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1252(d)(1). Petitioner has failed to exhaust his administrative remedies with respect to challenge of his removal order because his administrative case is still pending determination. Petition, p.4.

Section § 1252(d)(1) of Title 8, U.S.C., directs that:

a court may review a final order of removal
only if--

---

[1] See 28 U.S.C. § 517 (providing for the appearance of the Department of Justice "to attend to the interests of the United States in a suit pending in a court of the United States").

2

>   (1) the alien has exhausted all administrative remedies available to the alien as of right    . . . .

In <u>Sayyah v. Farquharson</u>, 382 F.3d 20, 26 (1st Cir. 2004) the First Circuit held that an alien could not maintain a habeas corpus action seeking review of issues that could have been but were not exhausted administratively. The <u>Sayyah</u> decision directly controls the instant case in that the First Circuit there declared "[w]e conclude that [8 U.S.C.] section 1252(d)'s exhaustion requirement applies generally to habeas corpus petitions. To hold otherwise would drastically limit the utilization of a salutary principle customarily applied in respect to administrative proceedings. Such an interpretation would allow an alien subjected to an adverse decision to reject the very administrative review processes established to correct mistakes and to insist, instead, upon immediate access to a federal court. Accordingly, we hold that section 1252(d)'s exhaustion requirement applies broadly to all forms of court review of final orders of removal, including habeas corpus." <u>Id</u>.

Accordingly, because the question of petitioner's removability is still ongoing before the Immigration Judge and has not yet been exhausted administratively, this Court lacks jurisdiction to review his non-final removal order.[2]

---

[2] Moreover, the Court lacks jurisdiction to review ongoing removal proceedings under 8 U.S.C. § 1252(g).

3

II. PETITIONER IS LAWFULLY DETAINED PENDING A DETERMINATION OF HIS REMOVABILITY.

The claims for relief essentially challenge petitioner's continuing detention. Petition, pp. 15-17. The petition therefore fails to state a claim upon which relief may be granted, because petitioner's continuing detention pending a final administrative determination of his removability is lawful as authorized by statute and by Supreme Court precedent.

It is provided by law that an alien in removal proceedings may generally be detained "pending a decision on whether the alien is to be removed from the United States." 8 U.S.C. § 1226(a). More particularly, at 8 U.S.C. § 1226(c)(1)(B), continuing detention is directed for criminal aliens in removal proceedings after their release from criminal custody. See generally 8 C.F.R. § 1236.1(c)(1)(same).

In Demore v. Kim, 123 S.Ct. 1708 (2003), the Supreme Court addressed the statutory provision governing the continuing detention of criminal aliens like the instant petitioner and expressly declared: "[w]e hold that Congress, justifiably concerned that deportable criminal aliens who are not detained continue to engage in crime and fail to appear for their removal hearings in large numbers, may require that persons such as respondent be detained for the brief period necessary for their removal proceedings." Id. at 1712.

The continuances in petitioner's removal case have been for the purpose of awaiting a decision on a pending application

for a special visa status for petitioner's own benefit, and have not been opposed by petitioner's immigration counsel in removal proceedings. Petitioner's next removal proceedings hearing is scheduled for March 30, 2005.

Accordingly, because petitioner is in removal proceedings as a criminal alien, his continuing detention pending final administrative determination of his removal proceedings is authorized by law, petitioner has failed to state a claim of unlawful detention, and the case should be dismissed for failure to state a claim upon which relief may be granted.

## CONCLUSION

For all the reasons set out above, the Court should dismiss this action and deny all other relief sought.

                Respectfully submitted,

                MICHAEL J. SULLIVAN
                United States Attorney

By:  <u>s/Frank Crowley</u>
     FRANK CROWLEY
     Special Assistant U.S. Attorney
     Department of Homeland Security
     P.O. Box 8728
     J.F.K. Station
     Boston, MA 02114
     (617) 565-2415

**CERTIFICATE OF SERVICE**

I hereby certify that I caused a true copy of the above document to be served upon pro se petitioner by mail on March 21, 2005.

    s/Frank Crowley
    FRANK CROWLEY
    Special Assistant U.S. Attorney
    Department of Homeland Security
    P.O. Box 8728
    J.F.K. Station
    Boston, MA 02114